IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 04-10213-PBS |
| EXELON MYSTIC, LLC, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION OF
THE UNITED STATES TO ENTER THE CONSENT DECREE**

Plaintiff, the United States of America ("United States"), on behalf of the Environmental Protection Agency ("EPA"), submits this Memorandum in support of its Unopposed Motion for Entry of the Consent Decree. The United States respectfully requests that the Court sign the pending Consent Decree between the United States and the Defendant, Exelon Mystic ("Exelon"), and enter it as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DISCUSSION**

**I.      Complaint**

In this action, the United States sought civil penalties and injunctive relief against Exelon for violating Sections 113, 114, 412, and 414 of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7413, 7414, 7651k and 7651m, with respect to Exelon's Mystic Station Power Plant in Everett, Massachusetts.

**II.     Consent Decree**

The Consent Decree contains the standard provisions found in federal CAA consent decrees.  The Consent Decree provides for Exelon to pay a civil penalty of $1 million and spend over $5.1 million for five supplemental environmental projects ("SEP").  The five proposed SEPs will provide substantial health and environmental benefits to the greater Boston metropolitan area.

**III.    Notice and Comment**

On January 29, 2004, the proposed Consent Decree was lodged with the Court.  Notice of the lodging of this Consent Decree and the opportunity to comment, was published in the Federal Register on February 11, 2004 (69 Fed. Reg. 6691).  The thirty day (30) public comment period has expired and the United States has not received any comments.

**IV.    Standard of Review**

There is a strong public policy favoring settlements "particularly in very complex and technical regulatory [cases]." *United States v. CUCCo v. Puerto Rico Electric Power Authority ("PREPA")*, 204 F.3d 275, 280 (1st Cir. 2000).  In fact, "the presumption in favor of settlement is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency specially equipped, trained or oriented in the field." *United States v. Cannons Engineering Corp.*, 720 F. Supp. 1027, 1035 (D.Mass. 1989), *aff'd,* 899 F.2d 79 (1st Cir. 1990); *accord PREPA*, 204 F.3d at 280 (stating that the policy in favor of settlements has a particular "bite" when dealing with a government actor who is "committed to the protection of the public [and] specially trained . . . in the field.").  Here, the Consent Decree advanced by the United States, on behalf of the EPA, focuses upon the  protection of the greater

Boston metropolitan area's health and environmental well-being, thereby achieving the purpose of the abovementioned policy.

Prior to a court accepting a consent decree, it must determine that the decree is "fair, reasonable, and consistent with environmental goals." *PREPA*, 204 F.3d at 280. A consent decree is fair in the eyes of the Court, if the settlement occurred at arm's length with good faith bargaining. *Id.* at 281. It is not the Court's duty to determine whether the decree was the "best possible settlement that could have been obtained." *Cannons*, 720 F. Supp. at 1036. In determining whether a decree is reasonable and consistent with environmental goals, the court looks to see if each party had an attorney who was able to evaluate "the strengths and weaknesses of the . . . case." *Id.* When dealing with environmental cases, the "EPA's expertise must be given the benefit of the doubt when weighing substantive fairness" with the decree's purpose. *PREPA*, 204 F. 3d at 281.

Here, the parties spent a number of months negotiating the terms of the settlement and the language of the Consent Decree. During these negotiations Exelon was well represented by counsel. Exelon also spent $3 million on opacity compliance activities pursuant to the EPA Compliance Order prior to the execution of the Decree. The United States has satisfied the notice and comment requirements of 28 C.F.R. § 50.7 by lodging the proposed Consent Decree and publishing it in the Federal Register. The United States continues to believe that the Consent Decree is fair, reasonable, and in the public's interest.

## CONCLUSION

The pending Consent Decree is fair, reasonable, and in the public's interest; therefore, the United States respectfully requests that the Court sign the Consent Decree and enter it as a final judgment. The Defendant, Exelon Mystic, pursuant to the Consent Decree, consents to entry as well. Consent Decree at 21, ¶ 54.

                                                               Respectfully submitted,

                                                                THOMAS L. SANSONETTI
                                                                Assistant Attorney General
                                                                Environment & Natural Resources Division
                                                                United States Department of Justice

Dated: March 18, 2004                                       /s/ (by G.B. Henderson)
                                                                PETER M. FLYNN
                                                                Senior Attorney, Bar Code 106106
                                                                ELISE S. FELDMAN
                                                                Trial Attorney, Bar Code 563187
                                                                Environmental Enforcement Section
                                                                Environment & Natural Resources Division
                                                                United States Department of Justice


                                                                MICHAEL J. SULLIVAN
                                                                United States Attorney

                                                                GEORGE B. HENDERSON, II
                                                                Assistant U.S. Attorney
                                                                John Joseph Moakley U.S. Courthouse
                                                                1 Courthouse Way, Suite 9200
                                                                Boston, MA 02210

OF COUNSEL:

STEVEN J. VIGGIANI
Senior Enforcement Counsel
U.S. EPA, Region I
One Congress Street, Suite 1100 (SEL)
Boston, MA 02114-2023

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Unopposed Motion of the United States to Enter the Consent Decree, and Memorandum in Support, were served by prepaid first class mail to the individuals listed below this 18th day of March, 2004:

Mark A. Schiavoni
Vice President
Exelon Mystic, LLC
The Schrafft Center
529 Main Street, Suite 605
Charlestown, Massachusetts 02129

John P. Proctor
Winston & Strawn LLP
1400 L St, NW
Washington, DC 20005

                                        /s/
                              George B. Henderson, II
                              Assistant U.S. Attorney